BARRETT, J.
—The plaintiff’s papers are in strict accordance with the provisions of sections 458 and 459 of the Code of Civil Procedure. She could say no more to invoke judicial action than she has said in these papers. No more could well be said. The defendants filed no affidavits in opposition. If, therefore, her motion ivas properly denied, it is difficult to conceive of a case where an infant pauper may avail herself of the law Avhich was expressly enacted for the benefit of her class. Prior to the amendment of 1891 there Avas a conflict of judicial opinion Avith regard to the right of infant paupers to-sue as poor persons. In some cases it Avas held that, Avhere an infant sues by guardian ad litem, security for costs being a. statutory right, the court had no power to destroy it by allowing the guardian to sue as a poor person. These cases were-subsequently overruled. But it was to settle these and all other questions upon the subject that the amendment of 1891 was enacted. That amendment consisted of the insertion in section 458 of the words, “whether an adult or infant,” and of *1223 the provision in section 459 that, where the applicant is an infant under the age of 14 years, the petition must be verified by his guardian appointed in the action. Now,'as an infant, whether under or over 14 years of age, cannot apply until a guardian ad litem is appointed (In re Byrne, 1 Edw. Ch. 41; Glasberg v. Railroad Co., 12 Civ. Proc. R. 50, per Patterson, J.), and as such guardian ad litem must, under the general rules of practice, be a competent and responsible person, the statute is practically abrogated if the competency and responsibility of the guardian constitute a complete answer to the application. The infant here says, without a word of denial, that she has no means whatever, that she has a good cause of action against the defendant, and that she is a hired domestic in her guardian’s service. What ivas the court’s answer ? It was this: “ Though you are an infant pauper, you shall not have the benefit of the statute, because you have a responsible guardian. This responsible guardian you had to secure before you commenced your action. Having secured him, you are no longer within the statute, or, rather, it is no abuse of discretion to deny your petition.” This reasoning seems to me practically to nullify the amendment, and to leave infant paupers in quite as unfortunate a position as they were in before the legislature sought to help them.
The order appealed from should be reversed, with $10 costs and the disbursements of the appeal, and the motion for leave to sue in forma pauperis granted.
WILLIAMS and PATTERSON, JJ., concur.